UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMAREAK J. TURNER,<br><br>Plaintiff,<br><br>v.<br><br>SALINAS VALLEY STATE PRISON, et al.,<br><br>Defendants. | Case No. 18-cv-02289-JD<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 8 |

Plaintiff, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

1 cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff states that he was denied family visiting privileges due to an improperly issued Rules Violation Report ("RVR") from a different prison. California inmates are generally classified for placement and custody designation, and reclassified, if needed, for administrative or disciplinary reasons. Interests protected by the Due Process Clause may arise from two sources-the Due Process Clause itself and laws of the states. *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). Deprivations authorized by state law that are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, i.e. give the inmate a kind of right to avoid it, and (2) the liberty in question is one of "real substance." *See id*. at 477-87.

An inmate's classification score determines inmate placement unless a specific administrative determinant, e.g. conviction for arson or sex crimes or disciplinary problems, is affixed, *see* Cal. Code Regs. tit. 15, §§ 3375.1(a), 3375.2, or the inmate is transferred to a sub-

1 facility, *see id*. § 3375.1(b). The regulations contain no substantive predicates or mandatory language with respect to administrative determinants: they "may be imposed by departmental officials." *Id*. § 3375.2(b). It cannot be said, then, that an inmate with a specific classification score "can reasonably form an objective expectation" that he will be placed in a facility which corresponds with his classification score. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 464-65 (1989) (finding no protected liberty interest in Kentucky regulations); *Myron v. Terhune*, 476 F.3d 716, 719 (9th Cir. 2007) (finding that although California regulations pertaining to security classification contained some mandatory language, they did not eliminate all discretion of prison officials, mandate a particular outcome, or impose an atypical and significant hardship on the inmate population and therefore the regulations do not give rise to a Fourteenth Amendment liberty interest). Because the statutory language does not meet the first prong of the *Sandin* test, no protected liberty interest requiring constitutional protection is created.

The majority of the allegations and defendants in the complaint involve an incident that occurred in Kern Valley State Prison ("KVSP") that lies in the Eastern District of California. Plaintiff previously filed a case in the Eastern District regarding these defendants and related claims. *See Turner v. Administrative Security Personnel*, Case No. 16-cv-1643 DAD SAB. That case was dismissed on February 15, 2018, for failure to exhaust administrative remedies and for failure to state a claim. If plaintiff wishes to continue with the claims against these defendants and claims he must file a new action in the Eastern District.

Plaintiff does present a few allegations regarding events that occurred in Salinas Valley State Prison which is in this district. Plaintiff alleges that a defendant issues him an RVR regarding the allegations that occurred at KVSP. He also alleges that different defendants prevented him from participating in the Family Visiting Program due to the RVR from the other prison. At a Unit Classification Committee hearing it was noted that that plaintiff had three serious RVRs in the last year, only one of which involved the incident that plaintiff references at KVSP. Plaintiff appealed the decision denying him the Family Visiting Program, but the appeals were denied.

Plaintiff has failed to show that there was a due process violation in light of the legal

standards set forth above. In addition, changes in conditions relating to classification and reclassification do not generally set forth a due process violation. *See Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987) (citing *Moody v. Dagget*, 429 U.S. 78, 88 n.9 (1976)) (no constitutional right to particular classification). The complaint is dismissed with leave to amend to provide more information regarding what transpired at Salinas Valley State Prison. Plaintiff should not include allegations concerning events that occurred at KVSP. Those claims must be presented in the Eastern District of California.

## CONCLUSION

1. The motion for a Court order for plaintiff's trust account statement (Docket No. 8) is **DENIED** because the paperwork has been provided.

2. The complaint is **DISMISSED** with leave to amend. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this case.

3. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: August 14, 2018

JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMAREAK J. TURNER,<br><br>    Plaintiff,<br><br>v.<br><br>SALINAS VALLEY STATE PRISON, et al.,<br><br>    Defendants. | Case No. 18-cv-02289-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 14, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Demareak J. Turner ID: K53249
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

Dated: August 14, 2018

                Susan Y. Soong
                Clerk, United States District Court

                By: *Lisa R. Clark*
                LISA R. CLARK, Deputy Clerk to the
                Honorable JAMES DONATO