UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMAREALE J. TURNER,<br><br>    Plaintiff,<br><br>    v.<br><br>SALINAS VALLEY STATE PRISON, et al.,<br><br>    Defendants. | Case No. 18-cv-02289-JD<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a state prisoner, proceeds with a pro se civil rights complaint under 42 U.S.C. § 1983. The amended complaint was dismissed with leave to amend and plaintiff has filed a second amended complaint.

## DISCUSSION

### STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

1  cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above
2  the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations
3  omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its
4  face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face"
5  standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they
6  must be supported by factual allegations. When there are well-pleaded factual allegations, a court
7  should assume their veracity and then determine whether they plausibly give rise to an entitlement
8  to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff states that he was denied family visiting privileges due to an improperly issued Rules Violation Report ("RVR") and defendants retaliated against him. California inmates are generally classified for placement and custody designation, and reclassified, if needed, for administrative or disciplinary reasons. Interests protected by the Due Process Clause may arise from two sources-the Due Process Clause itself and laws of the states. *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). Deprivations authorized by state law that are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, i.e. give the inmate a kind of right to avoid it, and (2) the liberty in question is one of "real substance." *See id*. at 477-87. Generally, "real substance" will be limited to freedom from (1) a restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *id*. at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," *id*. at 487.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic

2

elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). *Accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline). The prisoner must show that the type of activity he was engaged in was constitutionally protected, that the protected conduct was a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no legitimate penological interest. *Hines v. Gomez*, 108 F.3d 265, 267-68 (9th Cir. 1997) (inferring retaliatory motive from circumstantial evidence).

Plaintiff argues that he was improperly found guilty at a RVR hearing resulting in the loss of family visiting privileges. There was no other punishment. Plaintiff was given leave to amend to describe how the punishment violated due process. Plaintiff has failed to demonstrate that the loss of family visiting privileges, while unfortunate, was an atypical and significant hardship related to ordinary prison life to state a constitutional violation. A prisoner's interest in unfettered visitation is not guaranteed by the Due Process Clause itself. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). Furthermore, looking at the regulatory language, California Code of Regulations title 15, section 3170.1 sets forth general substantive criteria which must be followed and circumstances under which visitation must be approved. However, section 3172.1(b) specifically provides that visitation may be discretionarily denied for reasons other than those set forth in the regulations. This reservation of the right to allow and disallow visits "is not such that an inmate can reasonably form an objective expectation that a visit would necessarily be allowed absent the occurrence of one of the listed conditions." *See Thompson*, 490 U.S. at 464-65 (finding no protected liberty interest in Kentucky regulations). Because a visit may be denied regardless of compliance with substantive criteria, this language is not sufficiently mandatory to meet the first prong of the *Sandin* test, and therefore no protected liberty interest requiring

3

constitutional protection is created.

Plaintiff was also provided leave to amend to provide more information to support his claim of retaliation. The second amended complaint has failed to cure the deficiencies of the prior complaints. Plaintiff contends that a non-defendant retaliated against him by filing a disciplinary charge against him. Plaintiff fails to describe how this was retaliation, and what protected conduct he engaged in that led to this retaliation. Plaintiff argues that he told several defendants that the non-defendant retaliated again him, and they had a duty to protect him and dismiss the punishment from the disciplinary charge, but they failed to do so. He also filed an inmate appeal regarding this issue, but this was after the original allegation of retaliation and cannot serve as the basis for a retaliation claim. These allegations fail to state a claim of retaliation against the named defendants pursuant to *Rhodes*. For all these reasons this action is dismissed. Because plaintiff has already been provided several opportunities to amend and has still failed to state a claim further amendment would be futile.

## CONCLUSION

1. This action is **DISMISSED** with prejudice for failure to state a claim.
2. The Clerk shall close this case.

**IT IS SO ORDERED.**

Dated: March 7, 2019

JAMES DONATO
United States District Judge

4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMAREALE J. TURNER,<br><br>   Plaintiff,<br><br>  v.<br><br>SALINAS VALLEY STATE PRISON, et al.,<br><br>   Defendants. | Case No. 18-cv-02289-JD<br><br>**CERTIFICATE OF SERVICE** |

  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

  That on March 7, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Demareale J. Turner ID: K53249
Salinas Valley State Prison P.O. Box 1050
Soledad, CA 93960

Dated: March 7, 2019

                Susan Y. Soong
                Clerk, United States District Court

                By:_____
                LISA R. CLARK, Deputy Clerk to the
                Honorable JAMES DONATO